#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLORADO
#### Judge Robert E. Blackburn

Date:                    October 16, 2014

Courtroom Deputy:   Kathleen Finney
Court Reporter:        Tracy Weir
Probation Officer:     Patrick Lynch

---

**Criminal Action No.   14-cr-00053-REB**

<u>*Parties:*</u>                                                       <u>*Counsel:*</u>

UNITED STATES OF AMERICA,                    David Tonini

     Plaintiff,

v.

DOUGLAS WAYNE DELLING,                       Matthew Belcher

     Defendant.

---

#### SENTENCING MINUTES

---

**9:35 a.m.      Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the

presentence report and addendum with the defendant.

Also pending before the court relevant to sentencing are the following papers:
- the **Defendant's Objections to the Presentence Report** [#30] filed September 29, 2014;
- the **Defendant's Motion for a Variant Sentence Pursuant to 18 U.S.C. § 3553** [#31] filed October 2, 2014;
- the **United States' Motion Under U.S.S.G. 3E1.1(b) for 1-Level Reduction in Defendant's Offense Level for Acceptance of Responsibilty** [#32] filed October 3. 2014; and
- the **United States' Response to Defendant's Motion for a Variant Sentence Pursuant to 28 U.S.C. § 3553** [#35] filed October 10, 2014.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:
   - the **Defendant's Motion for a Variant Sentence Pursuant to 18 U.S.C. § 3553** [#31] is **DENIED**;
   - the **United States' Motion Under U.S.S.G. 3E1.1(b) for 1-Level Reduction in Defendant's Offense Level for Acceptance of Responsibility** [#32] is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 1 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **forty-one (41) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **fifteen (15) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

        - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation and an alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy,

       counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall submit his person, property, house, residence, papers, computers, and other electronic communications or data storage devices or media or office to a search conducted by a United States probation officer; failure to submit to such a search may be grounds for revocation of supervised release; additionally, the defendant shall warn any other occupant that the premises may be subject to such a search; however, a probation officer may conduct a search under this condition of supervised release only when reasonable suspicion exists that the defendant has violated a condition of supervised release and that the area to be searched contains evidence of that violation; finally, any such search must be conducted at a reasonable time and in a reasonable manner;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Arkansas; and

11. That the defendant is remanded to the custody of the United States Marshal for imposition and execution of this sentence.

The defendant is advised of the right to appeal the sentence imposed by the court.

**10:19 a.m.    Court in recess.**

Total time in court: 00:44

Hearing concluded.